FILED
SUPERIOR COURT
OF GUAM

2022 AUG 19 PM 1: 24

CLERK OF COURT

BY:_____



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DIANA A. NAPUTI, Personally and as Guardian for HILDEGARD ASUNCION,<br><br>Plaintiff,<br><br>v.<br><br>VERN STANLEY ASUNCIO JR.,<br><br>Defendant. | CIVIL CASE NO.: CV0652-21<br><br>**DECISION AND ORDER**<br>*Defendant's Motion to Set Aside Default;*<br>*Defendant's Motion to Dismiss; and*<br>*Defendant's Motion to Dismiss Plaintiff's*<br>*First Amended Complaint* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on April 12, 2022, for a hearing on the Motion to Set Aside Default and Motion to Dismiss. Present at the hearing were: Plaintiff's Counsel Gary F. Gumataotao and Defense Counsel Mark Williams. Having considered the arguments, briefs, and the applicable law, the Court hereby **SETS ASIDE THE ENTRY OF DEFAULT, GRANTS** Defendant's Motion to Dismiss, and **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

## BACKGROUND

Diana Naputi ("Plaintiff") filed a Verified Complaint on August 27, 2021. Then about two months later, on November 1, 2021, the Clerk of Court filed an Entry of Default in favor of Plaintiff.

A little over two and a half months after the Verified Complaint was filed, on November 18, 2021, Defendant filed two motions: (1) Motion to Set Aside Default, and (2) Motion to Dismiss. On December 2, 2021, Plaintiff filed an Opposition to each motion, and on December 12, 2021, Defendant filed a Reply to each opposition. A Default Hearing was scheduled for January 25, 2022; however, it was later rescheduled as a hearing on the motions for April 12, 2022.

Then on February 21, 2022, Plaintiff filed a First Amended Verified Complaint. Less than a month later, on March 9, 2022, the following events occurred. First, the Clerk's office received Plaintiff's proposed Entry of Default. Second, Defendant filed a Motion to Dismiss Plaintiff's First Amended Verified Complaint. Third, Defendant filed an Opposition to Entry of Default and Motion to Set Aside Default, and a Declaration in support thereof. A few days later, on March 18, 2022, Plaintiff filed an Opposition to Defendant's Motion to Set Aside Default.

A hearing on the motions was held on April 12, 2022, where the parties submitted on their briefs and the Court took the matters under advisement.

## DISCUSSION

### I. DEFENDANT'S MOTION TO SET ASIDE DEFAULT

Generally, the Guam Rules of Civil Procedure ("GRCP") Rule 55(c) establishes the standard for entry of default, which is that *"for good cause shown*, the court may set aside an entry of default." *See* Guam R. Civ. P. 55(c) (emphasis added). However, the Court in this

instance does not reach the "for good cause" analysis. Instead, the Court's analysis for the Entry of Default starts and ends at Plaintiff's service of process.

### a. The Clerk's Entry of Default is Set Aside due to Plaintiff's Insufficient Service of Process.

The GRCP Rule 4(e) governs service upon individuals within Guam, and it states in relevant part:

> Unless otherwise provided by law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in …:
>
> (1) in any manner prescribed or authorized by any law of Guam, or as prescribed by the law of the place where the person is served; or
>
> (2) by delivering a copy of the summons and the complaint to the individual personally or *by leaving copies thereon at the individual's dwelling house or usual place of abode with someone of suitable age and discretion then residing therein* or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

*See* Guam R. Civ. P. 4(e) (emphasis added). The Guam Supreme Court has held that it is the responsibility of the plaintiff and her lawyer to ensure that service of process was constitutionally effective and proper under the rules. *Pineda v. Pineda*, 2005 Guam 10 ¶ 11. The Supreme Court has also held that "a default judgment entered without proper service is void since the trial court lacks personal jurisdiction if the service is defective." *Mariano v. Surla*, 2010 Guam 2 ¶ 13; citing *Pineda*, 2005 Guam 10 ¶ 10. Therefore, this logic follows that an *entry of default* entered without proper service is void since the trial court lacks personal jurisdiction if the service of process is defective.

Here, the Declaration of Service filed by Plaintiff's process server reflects that the Summons and Complaint in the instant case were served upon "Alissa Asuncion." *See* Decl. Serv. (Sept. 28, 2021). Defendant further confirms that Alissa Asuncion is his 12-year old sister by attaching her birth certificate to his Declaration. Asuncion's Decl. in Support of Reply

p. 1 and Ex. A (Dec. 30, 2021). As such, the Court finds that service of process upon a 12-year old, is not service of process upon one who is of suitable age and discretion as required by the GRCP. It is unlikely that a 12-year old would understand the importance and effect legal documents left in their possession in attempt to serve another within their residence. Therefore, Plaintiff failed to effect sufficient service of process on Defendant. As a result of the defective service of process, the Entry of Default is void and set aside. *See Surla*, 2010 Guam 2 ¶ 13. The Court now turns to Defendant's Motion to Dismiss as it relates to Plaintiff's initial Verified Complaint.

## II. MOTION TO DISMISS

### a. Plaintiff's initial Verified Complaint is dismissed for Lack of Subject Matter Jurisdiction.

Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff has no standing to challenge Hildegard Asuncion's will. Def's Mot. to Dismiss p. 4 (Nov. 18, 2021).

GRCP Rule12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. *See* Guam R. Civ. P. 12(b)(1). The Superior Court's subject matter jurisdiction is set forth in title 7 GCA section 3105, and it states:

> The Superior Court shall have original jurisdiction *over all causes of action*, and, except for those causes exclusively vested in the Supreme Court, may have appellate jurisdiction as may be provided by the Legislature.

7 GCA § 3105 (emphasis added). Case law further provides that standing is a component of subject matter jurisdiction. *Taitano v. Lujan*, 2005 Guam 26 ¶ 15; citing *Guam Imagining Consultants, Inc. v. Guam Mem'l Hosp. Auth.*, 2004 Guam 15 ¶ 17. When a party lacks standing, the court is without subject matter jurisdiction to hear a claim. *Guam Memorial Hospital Authority v. Superior Court*, 2012 Guam 17 ¶ 8; citing *Benavente v. Taitano*, 2006

Guam 15 ¶ 14. The question of standing to sue goes to the existence of a cause of action against the defendant. *Lujan*, 2005 Guam 26 ¶ 15.; citing *Parker v. Bowron*, 254 P.2d 6, 9 (Cal. 1953).

Here, Plaintiff fails to assert a claim in her Verified Complaint. The Verified Complaint seemingly sets forth factual allegations, and then it immediately jumps to a prayer for relief. While the factual allegations seem to suggest a claim for fraud, at best, there is no cause of action asserted in the Verified Complaint. The incompleteness of the Verified Complaint only serves to leave opposing counsel and the Court to guess what the cause of action might be. As such, while the Court has subject matter jurisdiction over "all causes of action," it cannot and it does not have subject matter jurisdiction over a Verified Complaint where no cause of action indicated therein. While the lack of subject matter jurisdiction is dispositive of the issues in Defendant's Motion to Dismiss, the Court still addresses Defendant's second argument.

**b. Plaintiff's initial Verified Complaint is dismissed for Failure to State a Claim for which Relief can be granted.**

Defendant argues that Plaintiff's Complaint does not identify a cause of action that exists under Guam law. Def's Mot. to Dismiss p. 2 (Nov. 18, 2021).

GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief." *Guam Police Dep't v. Guam Civ. Serv. Comm'n*, 2020 Guam 12 ¶ 8. "[A] court must accept all the well-pleaded facts as true, 'construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor.'" *Id.*; quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9. A court generally may not consider material outside the pleadings in ruling on a

Rule 12(b)(6) motion. *See Core Tech Int'l Corp. v. Hanil Eng'g & Const. Co.*, 2010 Guam 13 ¶ 29.

Here, Plaintiff literally fails to state a claim for which relief can be granted. As discussed above, Plaintiff's Verified Complaint sets forth factual allegations, and then jumps to a prayer for relief without indicating any claim or cause of action. Further, Plaintiff points the Court's attention "Exhibit A" in paragraph 10 of her Verified Complaint; however, Plaintiff fails to attach such Exhibit. *See* V. Compl. p. 3 (Aug. 27, 2021). As such, the Court hereby **GRANTS** Defendant's Motion to Dismiss on the grounds of lack of subject matter jurisdiction, and failure to state a claim for which relief can be granted. In effect, this decision is dispositive of Plaintiff's initial Verified Complaint. The Court turns to Defendant's Motion to Dismiss Plaintiff's First Amended Verified Complaint.

### III. MOTION TO DISMISS FIRST AMENDED VERIFIED COMPLAINT

**a. Plaintiff's First Amended Verified Complaint is Dismissed for lack of subject Matter Jurisdiction, and for Failure to State a Claim for which Relief can be granted.**

Here, Plaintiff filed a First Amended Verified Complaint on February 21, 2022, while the two motions discussed above were still pending. Further, the First Amended Verified Complaint is virtually identical to the initial Verified Complaint filed on August 27, 2021. After a thorough review of both the initial Verified Complaint and the First Amended Verified Complaint, the Court found that the only difference that exists is the property description in paragraph 7. Everything else in the First Amended Complaint was seemingly copied and pasted. This observation is further supported by Plaintiff's identical failure to do the following: (1) to attach "Exhibit A" as mention in paragraph 10; (2) to indicate a cause of action such that would establish this Court's subject matter jurisdiction; and (3) to state a claim for which relief can be granted. It is also worthy of noting that by filing the Frist Amended Verified Complaint during

the pendency of Defendant's Motion to Set Aside Default and Defendant's Motion to Dismiss, Plaintiff effectively made the Clerk's Entry of Default and the two pending motions moot.

Therefore, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Verified Complaint. In effect, this decision is dispositive of Plaintiff's First Amended Verified Complaint, and the Court does not entertain Defendant's objection to Plaintiff's proposed Entry of Default received by the clerk's office on March 9, 2022.

## CONCLUSION

For the reasons set forth above, the Court hereby **SETS THE ENTRY OF DEFAULT ASIDE**; **GRANTS** Defendant's Motion to Dismiss; and **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

**IT IS SO ORDERED** AUG 1 9 2022 .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam